UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIOREL MICULA,<br>Colinelor Street no. 48<br>Oradea, Bihor County, Romania<br><br>         Petitioner,<br><br>  v.<br><br>GOVERNMENT OF ROMANIA,<br>Ministry of Public Finances,<br>Strada Apolodor nr. 17, sector 5,<br>cod 050741, București<br><br>         Respondent. | Case No. _____<br><br>**PETITION TO CONFIRM<br>ICSID ARBITRATION<br>AWARD AND ENTER<br>JUDGMENT** |

Petitioner Viorel Micula, by his attorneys Shearman & Sterling LLP, states as follows:

**INTRODUCTION**

1. By this action, Viorel Micula respectfully seeks confirmation of an arbitration award pursuant to 22 U.S.C. § 1650(a) and Article 54 of the Convention on the Settlement of Investment Disputes Between States and Nationals of Other States (the "ICSID Convention"), and entry of judgment thereon.  The arbitration award (the "Award") was rendered in favor of Viorel Micula (the "Petitioner"), Ioan Micula, S.C. European Food S.A., S.C. Starmill S.R.L., and S.C. Multipack S.R.L. (the "Claimants") against the Government of Romania ("Romania") on December 11, 2013, following an arbitration conducted in Paris, France under the auspices of the International Centre for the Settlement of Investment Disputes ("ICSID").  A true and correct copy of the Award, certified by ICSID's Secretary-General, is attached as Exhibit A to the supporting declaration of Yas Banifatemi ("Banifatemi Declaration" or "Decl.").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1330, 22 U.S.C. § 1650(a), and the ICSID Convention.

3. Venue is proper in this District pursuant to 28 U.S.C. 1391(f)(4).

## PARTIES

4. Petitioner Viorel Micula is a Swedish national and a party in whose favor the Award was issued.

5. Respondent is Romania, a Contracting State of the ICSID Convention, and the party against whom the Award was issued.

## THE DISPUTE AND THE AWARD

6. On August 2, 2005, the Claimants filed a Request for Arbitration dated July 28, 2005 with ICSID. The subject matter of the arbitration concerned a dispute arising from Romania's introduction and subsequent revocation of certain economic incentives for the development of disfavored regions of Romania (the "Economic Incentives"). Claimants asserted that, in reliance on the Economic Incentives, they made substantial investments in one such region, and that Romania's premature revocation of the Economic Incentives was in breach of its obligations under the Agreement Between the Government of the Kingdom of Sweden and the Government of Romania on the Promotion and Reciprocal Protection of Investments (the "BIT" or the "Treaty"), which resulted in damages to the Claimants.

7. An ICSID arbitral tribunal (the "Tribunal") was duly constituted on September 12, 2006 and ultimately issued the Award dated December 11, 2013. The Respondent was found to have violated Article 2(3) of the BIT by failing to ensure fair and equitable treatment of the

Claimants' investments in Romania.

8. Having found that the Respondent breached the BIT, the Tribunal ordered the Respondent to pay to the Claimants:

(a) damages totaling 376,433,229 Romanian Leu (RON) as detailed in paragraph 1329(c) of the Award; and

(b) interest at the rate of 3-month Romanian Interbank Offer Rate (ROBOR) plus 5% compounded on a quarterly basis with respect to the amounts and periods detailed in paragraph 1329(d) of the Award.

9. As of the date of this Petition, the Claimants have not received any payments from the Respondent with respect to the damages and interest due under the Award despite demands having been made.

10. Enforcement of the Award has not been stayed, by the Tribunal or otherwise.

11. Petitioner is in compliance with Article 54(2) of the ICSID Convention and is entitled to immediate confirmation of the Award in accordance with Articles 53 and 54 of Chapter IV of the ICSID Convention, as implemented in the United States by 22 U.S.C. § 1650(a).

## LEGAL BASIS FOR RELIEF

12. The United States, Romania and Sweden are signatories to the ICSID Convention. Awards issued pursuant to the ICSID Convention are subject to mandatory recognition and confirmation in the United States under 22 U.S.C. § 1650(a). Specifically, 22 U.S.C. § 1650(a) provides that "[t]he pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general

jurisdiction of one of the several States."

13. The Award under the ICSID Convention has been issued in the Claimants favor.

14. Accordingly, Petitioner is entitled to an order confirming such arbitral award pursuant to Article 54 of the ICSID Convention and 22 U.S.C. § 1650(a), and entering judgment thereon in the amount of US $185,530,618, which constitutes principal and interest on the Award calculated as of March 31, 2014, with further interest to accrue pursuant to paragraph 1329(c) of the Award until the Award is paid in full.  *See* Banifatemi Decl. at ¶¶ 9-11.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner Viorel Micula respectfully asks the Court to enter an order:

(a) Confirming the December 11, 2013 Award of the ICSID Tribunal as a judgment of this Court, pursuant to Article 54 of the ICSID Convention and 22 U.S.C. § 1650(a);

(b) Entering judgment thereon in the amount of US $185,530,618, which constitutes principal and interest on the Award calculated as of March 31, 2014, with further interest to accrue pursuant to paragraph 1329(c) of the Award until the Award is paid in full.

(c) Granting such other and further relief as the Court may deem just and proper.


Dated: April 8, 2014
Washington, DC

SHEARMAN & STERLING LLP

By: _____
Danforth Newcomb [Bar # 422772]
Paula Anderson

801 Pennsylvania Avenue, NW
Suite 900
Washington, DC
20004-2634
Telephone: (202) 508-8000

Attorneys for Petitioner Viorel Micula